IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIMBERLY TILLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON;<br>DOE DEFENDANTS 1-50,<br><br>        Defendant,<br><br>vs.<br><br>SHIRLEY A. ESTES, as Trustee of<br>the Survivor's Trust Created<br>Under The Estes Living Trust<br>Dated December 5, 1980,<br><br>        Intervenor Defendant. | Civil No. 17-00524 HG-RLP |
| SHIRLEY A. ESTES, as Trustee of<br>the Survivor's Trust Created<br>Under The Estes Living Trust<br>Dated December 5, 1980,<br><br>        Cross-Claimant,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON,<br><br>        Cross-Defendant. | |

**ORDER GRANTING INTERVENING DEFENDANT SHIRLEY A. ESTES, AS
TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 19)**

Plaintiff Kimberly Tilley has filed a Complaint against The

Bank of New York Mellon ("BONY") asserting claims of wrongful foreclosure, quiet title, and ejectment. After Plaintiff filed her Complaint against BONY, Shirley A. Estes intervened as a defendant in the action, seeking to protect her interest in the real property as a bona fide purchaser for value. There was no objection to her filing.

Plaintiff claims that she and her now deceased husband executed a Note, in the amount of $817,500 in favor of First Magnus Financial Corporation, to obtain a Loan to purchase real property ("Subject Property") on the island of Lanai. The Loan was secured by a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS").

On January 4, 2006, the Mortgage was recorded in the Office of the Assistant Registrar, Land Court for the State of Hawaii ("Land Court").

On December 29, 2010, the Mortgage assignment to Defendant BONY from MERS was recorded in Land Court. On the same day, BONY recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale in the State of Hawaii Bureau of Conveyances.

Plaintiff's Complaint alleges that on May 23, 2011, BONY acted under a power of sale in the Mortgage and initiated a nonjudicial foreclosure pursuant to Haw. Rev. Stat. 667 Part I (2008). Plaintiff asserts that BONY subsequently foreclosed on the Subject Property and conveyed the property to itself at

auction.

Following the nonjudicial foreclosure, Land Court issued a Transfer Certificate of Title on June 9, 2011, that certified BONY as the registered owner of the Subject Property.

On March 1, 2012, BONY sold and conveyed the Subject Property to Intervening Defendant Shirley A. Estes, as Trustee of the Survivor's Trust Created Under the Estes Living Trust dated December 5, 1980. On March 9, 2012, Land Court issued a Transfer Certificate of Title that certified Shirley A. Estes, as Trustee, as the registered owner of the Subject Property.

Plaintiff's Complaint seeks to challenge Defendant BONY's actions under the Hawaii nonjudicial foreclosure statute and the power of sale in the Mortgage.

Intervening Defendant Estes filed a Motion for Judgment on the Pleadings on the basis that she is now the certified owner of the Subject Property. Intervening Defendant challenges Plaintiff's right to two forms of relief sought by Plaintiff in the Complaint.

Specifically, the Intervening Defendant moves for judgment on the pleadings as to Plaintiff's requests for:

(1) "judgment compelling BONY to return title to and possession of the Property to Plaintiff" and

(2) "declaratory judgment that BONY's non-judicial foreclosure sale and transfer of the Property described herein was contrary to law and declaring that Plaintiff may pursue a further action for ejectment against Estes."

Intervening Defendant Shirley A. Estes, as Trustee's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED**.

## PROCEDURAL HISTORY

On February 17, 2017, Plaintiff filed her Complaint in the Circuit Court of the Second Circuit, State of Hawaii. (Complaint, attached as Ex. A to Def.'s Notice of Removal, ECF No 1-2).

On October 13, 2017, the Hawaii State Court entered an ORDER GRANTING PROPOSED INTERVENOR SHIRLEY A. ESTES, AS TRUSTEE OF THE SURVIVOR'S TRUST CREATED UNDER THE ESTES LIVING TRUST DATED DECEMBER 5, 1980'S MOTION TO INTERVENE. (ECF No. 1-4).

On October 17, 2017, Intervening Defendant filed a Notice of Removal to the United States District Court for the District of Hawaii. (ECF No. 1).

On November 7, 2017, Intervening Defendant filed a Cross-Claim against Defendant The Bank of New York Mellon. (ECF No. 6-1).

On December 7, 2017, Intervening Defendant filed a MOTION FOR JUDGMENT ON THE PLEADINGS. (ECF No. 19).

On January 3, 2018, Plaintiff filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO INTERVENING DEFENDANT SHIRLEY A. ESTES, AS TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS. (ECF No. 21).

On January 9, 2018, Plaintiff filed PLAINTIFF'S SUBMISSION PURSUANT TO LR 7.8. (ECF No. 22). The submission attached

previously uncited authorities of unpublished decisions in a case in the Circuit Court of the Third Circuit, State of Hawaii. (Id.)

On January 17, 2018, Intervening Defendant filed her REPLY. (ECF No. 25).

On February 5, 2018, the Court held a hearing on Intervening Defendant's Motion for Judgment on the Pleadings.

## BACKGROUND

The Complaint alleges that on January 4, 2006, Plaintiff Kimberly Tilley and her now deceased husband executed a Note in the amount of $817,500 to First Magnus Financial Corporation to purchase real property located at 15 Kukui Circle, Apartment 15-D, on the island of Lanai ("Subject Property").  (Complaint at ¶ 1, 12-13, ECF No. 1-2).  A warranty deed was recorded in the Office of the Assistant Registrar, Land Court for the State of Hawaii ("Land Court") conveying the Subject Property to Plaintiff and her now deceased husband.  (Warranty Deed, recorded on Jan. 4, 2006 in Land Court, Doc. 3374599, attached as Ex. A to Pla.'s Complaint, ECF No. 19-11).

The Complaint asserts that repayment of the Note was secured by a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Magnus Financial Corporation.  (Complaint at ¶ 13, ECF No. 1-2).  The Mortgage was

recorded against the Subject Property in Land Court. (Mortgage, recorded on Jan. 4, 2006 in Land Court, Doc. 3374600, attached as Ex. A to Inter. Def.'s Motion, ECF No. 19-3).

On December 4, 2010, the Mortgage was assigned to Defendant The Bank of New York Mellon ("BONY"). The Assignment of Mortgage was recorded in Land Court on December 29, 2010. (Complaint at ¶ 14, ECF No. 1-2; Assignment of Mortgage, recorded on Dec. 29, 2010 in Land Court, Doc. 4033870, attached as Ex. B to Inter. Def.'s Motion, ECF No. 19-4).

On December 29, 2010, Defendant BONY recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale in the State of Hawaii Bureau of Conveyances. (Complaint at ¶ 26, ECF No. 1-2; Notice of Sale, recorded on Dec. 29, 2010 in the Bureau of Conveyances, Doc. 2010-203162, attached as Ex. C to Inter. Def.'s Motion, ECF No. 19-5).

On March 22, 2011, a Mortgagee's Affidavit of Foreclosure Under Power of Sale was recorded in Land Court. (Mortgagee's Affidavit of Foreclosure, recorded on Mar. 22, 2011, Doc. 4058653, attached as Ex. D to Inter. Def.'s Motion, ECF No. 19-6).

The Complaint asserts that two months later, on May 23, 2011, Defendant BONY acted pursuant to a power of sale in the Mortgage to conduct a nonjudicial foreclosure sale as set forth in former Haw. Rev. Stat. § 667 Part I (2008). (Complaint at ¶¶

15-16, ECF No. 1-2).  Plaintiff claims that BONY conducted an
auction pursuant to the power of sale and sold the Subject
Property to itself.  (Id. at ¶¶ 15-16, 36).

On June 9, 2011, a Mortgagee's Quit Claim Deed was recorded
in Land Court that conveyed the Subject Property from BONY to
itself.  (Mortgagee's Quit Claim Deed, recorded on June 9, 2011,
Doc. 4078520, attached as Ex. E to Inter. Def.'s Motion, ECF No.
19-7).

Also on June 9, 2011, Land Court issued a Transfer
Certificate of Title certifying BONY as the new registered owner
of the Subject Property.  (Transfer Certificate of Title issued
on June 9, 2011, Cert. No. 1025903, attached as Ex. F to Inter.
Def.'s Motion, ECF No. 19-8).

The Complaint alleges that on March 1, 2012, BONY sold the
Subject Property to Intervening Defendant Shirley A. Estes, as
Trustee of her living trust.  (Complaint at ¶ 18, ECF No. 1-2).

On March 9, 2012, a Special Warranty Deed was recorded in
Land Court that conveyed the Subject Property from BONY to
Shirley A. Estes, as Trustee.  (Id.; Special Warranty Deed
recorded on Mar. 9, 2012, Doc. T-8103065, attached as Ex. G to
Inter. Def.'s Motion, ECF No. 19-9).

Also on March 9, 2012, Land Court issued a Transfer
Certificate of Title to Shirley A. Estes, as Trustee of the
Survivor's Trust Created Under The Estes Living Trust dated

December 5, 1980.  (Transfer Certificate of Title issued on March 9, 2012, Cert. No. 1039409, attached as Ex. H to Inter. Def.'s Motion, ECF No. 19-10).

Plaintiff's Complaint alleges that BONY did not strictly comply with the requirements of the nonjudicial foreclosure statute and the power of sale provision in the Mortgage. (Complaint at ¶¶ 15, 17, 20, 24-47, ECF No. 19-11).

The Complaint states:

> BONY failed to strictly comply with HRS §§ 667-5 *et seq.* (2008) and the power of sale in the Mortgage as set forth above, the non-judicial foreclosure sale and transfer of the Property to BONY was void as a matter of law, or at least voidable, and hence all subsequent transfers were likewise void or at the very least voidable as to non-bona fide purchasers.  BONY should be compelled to return title to and possession of the Property to Plaintiff.

(Complaint at ¶ 47, ECF No. 19-11).

Plaintiff seeks a judgment "compelling BONY to return title to and possession of the Property to Plaintiff" and a declaratory judgment that allows Plaintiff to "pursue a further action for ejectment against Estes."  (Complaint at p. 15, ECF No. 1-2).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings "is properly granted when there is no issue of material fact in dispute, and the moving

8

party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

For a Rule 12(c) motion, all material allegations contained in the nonmoving party's pleadings are accepted as true. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

The district court's review is generally limited to the contents of the complaint. The court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the Rule 12(c) motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

When a Rule 12(c) motion raises the defense of failure to state a claim, the standard governing the motion is the same as that governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Conclusory allegations of law and unwarranted inferences are insufficient to defeat such a motion. Iqbal, 556 U.S. at 678-79. The Court need not accept as true

allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

## ANALYSIS

The Court may consider exhibits attached to the Complaint and documents whose contents are incorporated by reference in the Complaint without converting a motion to dismiss to a motion for summary judgment.  <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1160 (9th Cir. 2012).

The Court may also consider matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001); <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  Federal Rule of Evidence 201 allows a court to take judicial notice of public documents.  <u>Barber v. Ohana Military Communities, LLC</u>, 2014 WL 3529766, *4 (D. Haw. July 15, 2014).

Here, the Court takes judicial notice of the following documents in evaluating Intervening Defendant's Motion for Judgment on the Pleadings:

**(1)** Plaintiff's **Warranty Apartment Deed** recorded on January 4, 2006 (attached as Ex. A to Pla.'s Complaint, ECF No. 19-11 at pp. 19-39);

(2) **Mortgage** recorded on January 4, 2006 (attached as Ex. A to Inter. Def.'s Motion, ECF No. 19-3);

(3) **Assignment of Mortgage** recorded on December 29, 2010 (attached as Ex. B to Inter. Def.'s Motion, ECF No. 19-4);

(4) **Notice of Mortgagee's Intention to Foreclose Under Power of Sale** recorded on December 29, 2010 (attached as Ex. C to Inter. Def.'s Motion, ECF No. 19-5);

(5) **Mortgagee's Affidavit of Foreclosure Under Power of Sale** recorded on March 22, 2011 (attached as Ex. D to Inter. Def.'s Motion, ECF No. 19-6);

(6) **Mortgagee's Quit Claim Deed** recorded on June 9, 2011 (attached as Ex. E to Inter. Def.'s Motion, ECF No. 19-7);

(7) **Transfer Certificate of Title to The Bank of New York Mellon** issued on June 9, 2011 (attached as Ex. F to Inter. Def.'s Motion, ECF No. 19-8);

(8) Intervening Defendant Shirley A. Estes, as Trustee's **Special Warranty Deed** recorded on March 9, 2012 (attached as Ex. G to Inter. Def.'s Motion, ECF No. 19-9);

(9) **Transfer Certificate of Title to Shirley A. Estes**, Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980, issued on March 9, 2012 (attached as Ex. H to Inter. Def.'s Motion, ECF No. 19-10).

Intervening Defendant Shirley A. Estes, as Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980 ("Intervening Defendant"), has filed a Motion for Judgment on the Pleadings. Intervening Defendant argues that even if the Complaint's allegations of wrongful foreclosure against Defendant Bank of New York Mellon ("BONY") are true,

Plaintiff is not entitled to the remedies of quiet title and ejectment.

Intervening Defendant asserts that she has conclusive and unimpeachable title to the Subject Property. On June 9, 2011, BONY was issued a Transfer Certificate of Title by the Office of Assistant Registrar, Land Court for the State of Hawaii ("Land Court").

On March 9, 2012, after she purchased the Subject Property from Defendant BONY, Intervening Defendant was issued a subsequent Transfer Certificate of Title by Land Court. Intervening Defendant argues that Plaintiff is precluded from challenging the Transfer Certificates of Title issued by the Land Court in 2011 and 2012.

Intervening Defendant argues that even if the Defendant BONY conducted a defective foreclosure as alleged in the Complaint, the conveyance of title to BONY in 2011 is voidable, not void.

Intervening Defendant claims that in 2012, she was a subsequent bona fide purchaser from BONY. Intervening Defendant argues that as an innocent, good faith purchaser for value, her title and possession of the Subject Property is legally protected. Intervening Defendant argues that as a bona fide purchaser, she cannot be ejected from the Subject Property and her title cannot be revoked.

I.   **PLAINTIFF'S CHALLENGES TO TITLE AND POSSESSION OF THE SUBJECT PROPERTY ARE UNTIMELY**

   A.   **Registration of Land With The Hawaii Land Court**

Hawaii Land Court is a court of limited jurisdiction created for the special purpose of carrying into effect the Torrens title system of land registration.  <u>Wells Fargo Bank, N.A. v. Omiya</u>, 398 P.3d 838, *5 (Haw. App. July 24, 2017).

Hawaii Revised Statutes Chapter 501 provides for the registration of title with the Land Court.  Haw. Rev. Stat. § 501-1.  The system codified in Chapter 501 is a "system for registration of land under which, upon the landowner's application, the court may, after appropriate proceedings, direct the issuance of a certificate of title."  <u>In re Campbell</u>, 662 P.2d 206, 208-09 (Haw. 1983).  The purpose of the registration system is to conclusively establish title to land through the issuance of a certificate of title.  <u>Bank of New York Mellon v. R. Onaga, Inc.</u>, 400 P.3d 559, 569 (Haw. 2017).  The Hawaii Land Court system is intended to promote certainty, economy, simplicity, and facility.  <u>Id.</u>

When property registered with Land Court is sold, a purchaser must present to the Land Court the deed that contains the proper number of the certificate of the land affected and also contains or has endorsed upon it a full memorandum of all encumbrances affecting the land, if any, or a statement that

13

there are no outstanding encumbrances affecting the land.  Haw.
Land Ct. R. 59(d).  Thereafter, the assistant registrar of Land
Court shall issue a Transfer Certificate of Title.  Id.; Omiya,
398 P.3d 838 at *5.

The Transfer Certificate of Title is a single document that
lists each current registered owner of the property and every
encumbrance or other interest that binds the property.  This
enables anyone who is interested to easily ascertain who has an
ownership or other interest in a parcel of Land Court property.
Hon. Gary W.B. Chang, Land Court: Demystifying An Enigma, HAWAII
BAR JOURNAL 4 (Sept. 21, 2017).

## B.    Foreclosure Of Property Registered In Land Court

Haw. Rev. Stat. § 501-118 addresses foreclosure proceedings
for Land Court registered property.  Section 501-118 limits the
ability to challenge foreclosure proceedings affecting a property
registered in Land Court.

Section 501-118 states:

Mortgages of registered land may be foreclosed like
mortgages of unregistered land.

In case of foreclosure by action, a certified copy of
the final judgment of the court confirming the sale may
be filed or recorded with the assistant registrar or
the deputy after the time for appealing therefrom has
expired and the purchaser shall thereupon be entitled
to the entry of a new certificate.

In case of foreclosure by exercising the power of sale
without a previous judgment, the affidavit required by

14

chapter 667 shall be recorded with the assistant
registrar.  The purchaser or the purchaser's assigns at
the foreclosure sale may thereupon at any time present
the deed under the power of sale to the assistant
registrar for recording and obtain a new certificate.
Nothing in this chapter shall be construed to prevent
the mortgagor or other person in interest from directly
impeaching by action or otherwise, any foreclosure
proceedings affecting registered land, **prior to the
entry of a new certificate of title**.

After a new certificate of title has been entered, no
judgment recovered on the mortgage note for any balance
due thereon shall operate to open the foreclosure or
affect the title to registered land.

(emphasis added).

C.     **Transfer Certificates Of Title Issued By Land Court Are
       "Conclusive" and "Unimpeachable" And Generally Cannot
       Be Challenged After Entry**

The Hawaii Supreme Court has explained that Transfer

Certificates of Title are generally unimpeachable because the

Hawaii Land Court registration system is designed to preserve the

integrity of titles.  Waikiki Malia Hotel, Inc. v. Kinkai

Properties Ltd. P'ship, 862 P.2d 1048, 1060 (Haw. 1993).

In Waikiki Malia, the Hawaii Supreme Court ruled that

conclusive effect is required to be given to the content of a

Transfer Certificate of Title issued by Land Court.  In Waikiki

Malia, there had been an encumbrance on building height

documented on a certificate of title issued by Land Court.  The

property was sold and the subsequent Transfer Certificate of

Title did not list the building height encumbrance on the

document.  The Hawaii Supreme Court held that the encumbrance on
building height no longer applied to the parcel of land after it
was sold because the restriction was not listed as an encumbrance
on the newly issued Transfer Certificate of Title.  Id. at 1059-
61.  The Hawaii Supreme Court explained that the buyer's prior
knowledge of the encumbrance did not alter the conclusive nature
of the Transfer Certificate of Title.  The Court explained that
the buyer's "admission to having knowledge of the height
restriction is of no consequence because such knowledge was not
obtained from the information contained on the [Transfer
Certificate of Title]."  Id. at 1060.  Citing In re Bishop Trust,
35 Haw. 816, 825 (Haw. 1941), the Hawaii Supreme Court stated:

> If, as we hold, a certificate of title is unimpeachable
> and conclusive except as otherwise provided by law, it
> would be illogical to say that it may be impeached if
> the purchaser for value had knowledge of an existing
> unregistered encumbrance.  To do so would be to rob a
> certificate of title of its conclusive and
> unimpeachable character and place it in the same
> category as the ordinary record in the bureau of
> conveyances.

Waikiki Malia Hotel, Inc., 862 P.2d at 1060.

In 2005, the Hawaii Supreme Court revisited the issue
concerning the impeachability of Transfer Certificates of Title
issued by Land Court.  In Aames Funding Corp. v. Mores, 110 P.3d
1042, 1048-49 (Haw. 2005), the Hawaii Supreme Court held that
pursuant to Haw. Rev. Stat. § 501-118, conclusive effect is to be
given to newly issued Transfer Certificates of Title on the

16

question of title to registered land. The Hawaii Supreme Court
ruled that a mortgagor's right to impeach a foreclosure
proceeding is generally limited to the period of time before
entry of a new Transfer Certificate of Title. Id.

The Hawaii Supreme Court explained that once the Land Court
issues a Transfer Certificate of Title, the title to the subject
property becomes "conclusive and unimpeachable." Id. at 1050.
The Supreme Court found a narrow exception to allow for an
untimely challenge to a "conclusive and unimpeachable title." An
untimely challenge to a Transfer Certificate of Title may be
brought only when:

(1) there was fraud to which the purchaser was a party;
       and,

(2) there has been no subsequent bona fide purchaser.

Id. (citing In re Bishop Trust Co., 35 Haw. 816 (Haw. Terr.
1941)).

In this case, the Hawaii Land Court issued a Transfer
Certificate of Title to The Bank of New York Mellon on June 9,
2011. (Transfer Certificate of Title to BONY, issued on June 9,
2011, Cert. No. 1025903, attached as Ex. F to Inter. Def.'s
Motion, ECF No. 19-8).

The Hawaii Land Court issued a subsequent Transfer
Certificate of Title on March 9, 2012 to the Intervening
Defendant after she purchased the property from BONY. (Transfer

17

Certificate of Title to Shirley A. Estes, Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980, issued on March 9, 2012, Cert. No. 1039409, attached as Ex. H to Inter. Def.'s Motion, ECF No. 19-10).

Plaintiff did not file her Complaint until February 17, 2017, nearly six years after the Hawaii Land Court issued the Transfer Certificate of Title to BONY.

Plaintiff's challenges to title of the Subject Property are untimely as to the Intervening Defendant, absent a demonstration of fraud to which the Intervening Defendant was a party. In re Bishop Trust, 35 Haw. at 825; Omiya, 398 P.3d 838 at *7 (citing Am. Home Mortg. Serv., Inc. v. Yeung, 2011 WL 661794, *1 (Haw. App. Feb. 23, 2011) (finding plaintiff's challenge to the foreclosure proceeding of the Land Court registered property was untimely pursuant to Aames); Provident Funding Assocs., L.P. v. Vimahi, 241 P.3d 571, *2 (Haw. App. Nov. 10, 2010) (finding challenge to certificate of title was untimely absent allegations of fraud)).

### D.    Untimely Challenges To Transfer Certificates Of Title May Be Brought In Cases Of Fraud

The Hawaii Supreme Court held in Aames that a mortgagor may assert an untimely challenge to a Transfer Certificate of Title only in cases of fraud and when the property has not been subsequently sold to a bona fide purchaser. Aames, 110 P.3d at

18

1050.

The Supreme Court explained that under Hawaii law there are three types of fraud: (1) fraud in the factum, (2) fraud in the inducement, and (3) constructive fraud.  Id.

The first type of fraud identified by the Hawaii Supreme Court is fraud in the factum.  Fraud in the factum is fraud that goes to the nature of the document itself.  Adair v. Hustace, 640 P.2d 294, 299 n.4 (Haw. 1982) (abrogated on other grounds in Assn. of Apt. Owners of Royal Aloha v. Certified Mngmt., Inc., 386 P.3d 866, 871 (Haw. 2016)).  Courts have explained that fraud in the factum occurs rarely, "as when a blind person signs a mortgage when misleadingly told that it is just a letter." Bringas v. Asset Mortgage of Hawaii, LLC, Civ. No. 17-00125JMS-RLP, 2017 WL 4928617, *4 (D. Haw. Mar. 17, 2017) (quoting Black's Law Dictionary 732, fraud in the factum (9th ed. 2009)).

The second type of fraud is fraud in the inducement.  Fraud in the inducement occurs when a party misrepresents a material fact in order to induce another party to act to his detriment. Honolulu Fed. Sav. and Loan Ass'n v. Murphy, 753 P.2d 807, 811 (Haw. App. 1988).

Finally, the third type of fraud is constructive fraud. Constructive fraud arises from a breach of duty by one in a confidential or fiduciary relationship.  Scholes v. Kawaguchi,

    P.3d   , 2017 WL 4251611, *6 (Haw. App. Sept. 26, 2017).

19

Here, Plaintiff Tilley does not argue that either fraud in the factum or fraud in the inducement applies to this case. Rather, Plaintiff argues that she is able to challenge the 2011 nonjudicial foreclosure of the Subject Property due to constructive fraud. (Pla.'s Opp. at p. 14, ECF No. 21).

### 1.  **Constructive Fraud**

Constructive fraud has been defined by the Hawaii Intermediate Court of Appeals as an act done or omitted which is construed as a fraud because of its detrimental effect upon public interests and public or private confidence, even though the act is not done or omitted with an actual design to perpetrate actual fraud or injury.  Yoneji v. Yoneji, 354 P.3d 1160, 1167-68 (Haw. App. 2015) (see Wolfer v. Mut. Life Ins. Co. of New York, 641 P.2d 1349, 1357 (Haw. App. 1982) (J. Kanbara, dissenting)).

Constructive fraud requires a breach of a fiduciary or confidential relationship.  Honolulu Fed. Sav. And Loan Ass'n v. Murphy, 753 P.2d 807, 811 n.6 (Haw. App. 1988) (citing Silva v. Bisbee, 628 P.2d 214, 216 (Haw. App. 1981)).

In 2015, the Hawaii Intermediate Court of Appeals defined "fiduciary or confidential relationship" as follows:

> Relationships between trustee and beneficiary, principal and agent, and attorney and client are familiar examples in which the principle of fiduciary or confidential relationship applies in its strictest

sense. <u>Wolfer v. Mut. Life Ins. Co. of New York</u>, 3
Haw. App. 65, 76, 641 P.2d 1349, 1357 (Haw. App. 1982);
<u>see</u> <u>Silva v. Bisbee</u>, 2 Haw. App. 188, 190, 628 P.2d
214, 216 (Haw. App. 1981) (holding that constructive
fraud occurred where brokers with a fiduciary
relationship with their client failed to disclose to
the client their pecuniary interest in the purchase of
the property). "Its operation, however, is not limited
to dealings between the parties standing in such
relations, but extends to all instances when a
fiduciary or confidential relation exists as a fact, in
which there is confidence reposed on one side and a
resulting superiority and influence on the other."
<u>Wolfer</u>, 641 P.2d at 1357.

<u>Yoneji</u>, 354 P.3d at 1167-68.

Here, there is no fiduciary or confidential relationship
between Plaintiff and the Intervening Defendant that would
support a claim for constructive fraud.

### 2. There Is No Fiduciary Or Confidential Relationship Between A Mortgagor And Mortgagee

Plaintiff urges the Court to allow her to make an untimely
challenge to the Transfer Certificates of Title on the basis that
a mortgagor and a mortgagee are in a "fiduciary or confidential
relationship" for purposes of constructive fraud. Plaintiff
relies on the Supreme Court of the Territory of Hawaii's decision
in <u>Ulrich v. Sec. Inv. Co.</u>, 35 Haw. 158, 171-72 (Haw. Terr.
1939).

In <u>Ulrich</u>, the Supreme Court for the Territory of Hawaii
discussed the relationship between a mortgagor and mortgagee.
The Territory Court stated that when a mortgagee conducts a

foreclosure under a power of sale it must "deal fairly and justly" and "exercise reasonable care and diligence."  <u>Id.</u> at 171.  The Territory Court explained that the relationship between the mortgagor and the mortgagee is not the same level of relationship of a trustee to a beneficiary, but the mortgagee must act in "good faith."  <u>Id.</u> at 172.  In other words, a fiduciary is required to act in the best interest of another while a mortgagee in a nonjudicial foreclosure situation must only deal fairly and justly and with due care.

The requirement that a mortgagee act in good faith does not establish a "fiduciary or confidential relationship" for purposes of constructive fraud.  Courts in the District of Hawaii have repeatedly held that lenders, loan servicers, and mortgagees generally do not owe a mortgagor a fiduciary duty.  <u>Menashe v. Bank of New York</u>, 850 F.Supp.2d 1120, 1140 (D. Haw. 2012); <u>Tedder v. Deutsche Bank Nat. Trust Co.</u>, 863 F.Supp.2d 1020, 1031 (D. Haw. 2012).

Nor is there a confidential relationship present in this case.  Hawaii courts have limited "confidential relationships" to relationships between family members or close personal friends.  <u>Scholes</u>, 2017 WL 4251611, *6-*8 (Haw. App. Sept. 26, 2017); <u>Small v. Badenhop</u>, 701 P.2d 647, 653-54 (Haw. 1985); <u>Lee v. Wong</u>, 552 P.2d 635, 638-39 (Haw. 1976) (explaining a confidential relationship exists because of a family relationship); <u>Keanu v.</u>

Kamanoulu, 20 Haw. 96, 99-100 (Haw. Terr. 1910) (finding fraud in a land transaction involving a confidential relationship between a daughter and her parents).

A mortgagor and a mortgagee are not in a relationship akin to an attorney-client or a broker-client relationship. Nor do they have a confidential relationship. Rather, a mortgagor and mortgagee are in a contractual relationship that is not fiduciary in nature. See Ramos v. Chase Home Finance, 810 F.Supp.2d 1125, 1140 (D. Haw. 2011).

There is no fiduciary relationship between Plaintiff and the Intervening Defendant. Nor can Plaintiff demonstrate a confidential relationship with the Intervening Defendant. There are no allegations of any prior relationship between them. There is no familial or close personal relationship that would allow for a finding of constructive fraud. Absent a fiduciary or confidential relationship with the Intervening Defendant, Plaintiff is unable to establish constructive fraud as a matter of law.

Plaintiff's attempt to seek title and possession of the Subject Property is untimely. The Intervening Defendant's Transfer Certificate of Title is conclusive and unimpeachable. Plaintiff is unable to establish the requisite relationship with the Intervening Defendant in order to demonstrate constructive fraud that would allow for an untimely challenge to her Transfer

Certificate of Title.

## II. A DEFECTIVE NONJUDICIAL FORECLOSURE SALE IS VOIDABLE UNDER HAWAII LAW

The Parties dispute if under Hawaii law an unlawful nonjudicial foreclosure is void or merely voidable.

Intervening Defendant relies on three recent decisions from the Hawaii Supreme Court addressing the issue.

Plaintiff relies on a decision from the Supreme Court for the Kingdom of Hawaii from 1884.

### A. <u>Kondaur Capital Corp v. Matsuyoshi</u>, 361 P.3d 454, 467 (Haw. 2015)

In <u>Kondaur Capital Corp. v. Matsuyoshi</u>, 361 P.3d 454, 467 (Haw. 2015), the Hawaii Supreme Court ruled that a mortgagee's failure to conduct a nonjudicial foreclosure in a manner that is fair, reasonably diligent, and in good faith would render the foreclosure sale "voidable."

Two subsequent Hawaii Supreme Court decisions issued in 2016 have also held that an unlawful nonjudicial foreclosure sale is "voidable."

### B. <u>Santiago v. Tanaka</u>, 366 P.3d 612, 633 (Haw. 2016)

In January 2016, the Hawaii Supreme Court again ruled that an unlawful nonjudicial foreclosure is "voidable." <u>Santiago v.</u>

Tanaka, 366 P.3d 612, 633 (Haw. 2016). In Santiago, Louis and Yong Santiago entered into a purchase contract with Ruth Tanaka to buy the Nawiliwili Tavern. The Santiagos paid $800,000 with an additional $500,000 secured by a mortgage financed by the seller Tanaka. Id. at 615.

Tanaka made disclosures that misrepresented the sewer fees applicable to the property. Id. at 625-29. The Santiagos stopped making mortgage payments and attempted to engage in mediation with Tanaka. Id. at 618-20.

Tanaka initiated a nonjudicial foreclosure after the Santiagos stopped making mortgage payments. The Santiagos made up the late mortgage payments to Tanaka but she continued with the nonjudicial foreclosure because she believed she was entitled to additional fees and costs. Tanaka conducted a foreclosure auction and sold the Tavern back to herself. Id. at 620. Tanaka subsequently sold the Tavern to a third-party purchaser. Id. at 633.

The Santiagos filed suit in the Hawaii Circuit Court against Tanaka for misrepresentation and they also challenged the nonjudicial foreclosure. The Circuit Court ruled in favor of Tanaka and the Intermediate Court of Appeals affirmed. Id. at 622-23.

The Hawaii Supreme Court ruled that Tanaka engaged in misrepresentation and failed to disclose material terms relating

to the sewer services for the Tavern.  <u>Id.</u> at 626.

In addition, the Hawaii Supreme Court ruled that the nonjudicial foreclosure was unlawful because the Santiagos had made payments and cured the default in their mortgage before the foreclosure sale was conducted.  <u>Id.</u> at 632.  The Hawaii Supreme Court explained the damages that were available to the Santiagos, as follows:

> Where it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and **voidable** at the election of the mortgagor, who shall then regain title to and possession of the property...Voiding the foreclosure sale at this time, however, has been rendered impracticable because the Tavern has already been resold by Tanaka to a third party.  <u>See</u> 123 Am.Jur. Proof of Facts 3d § 31 (2011) ("It has long been held that if the property has passed into the hands of an innocent purchaser for value, an action at law for damages is generally the appropriate remedy.").  Thus, based on our power to fashion an equitable relief in foreclosure cases, <u>see Beneficial Haw., Inc. v. Kida</u>, 30 P.3d 895, 918 (Haw. 2001) (reiterating that mortgage foreclosure is a proceeding equitable in nature), we consider appropriate relief.

> <u>Santiago</u>, 366 P.3d at 633 (emphasis added).

The Hawaii Supreme Court ruled that because Tanaka had already sold the property to a third-party and the Santiagos no longer occupied it, the Santiagos were entitled to money damages as their remedy, rather than ejectment and return of title.  <u>Id.</u>

**C.   <u>Mount v. Apao</u>, 384 P.3d 1268, 1270 (Haw. 2016)**

In November 2016, in <u>Mount v. Apao</u>, 384 P.3d 1268, 1270 (Haw. 2016), the Hawaii Supreme Court again addressed the

26

remedies available where there was an improper nonjudicial foreclosure. In Mount v. Apao, a mortgagor died and her son and sister were appointed as personal representatives of her estate. Id. at 1269. The estate failed to make payments on the mortgage and U.S. Bank National Association ("U.S. Bank") recorded a Notice of Mortgagee's Intent to Foreclose Under Power of Sale. Id. at 1271.

A third personal representative named Sesha Lovelace was appointed for the estate. Lovelace requested information from U.S. Bank and the mortgage servicer regarding the funds that would be required to reinstate the loan and cure the default. Id. at 1272-73. The information was not provided to Lovelace. Id. U.S. Bank conducted a nonjudicial foreclosure auction and sold the property to Gerald and Jane Mount. Id. at 1273.

The Mounts filed an ejectment and quiet title action in Hawaii State Circuit Court against Lovelace and the other personal representatives of the estate. Id. The Circuit Court ruled that the foreclosure sale was valid and that Lovelace was not entitled to any response by U.S. Bank as to the reinstatement amount. Id. at 1274. The Hawaii Intermediate Court of Appeals affirmed the Circuit Court's judgment. Id. at 1275.

On appeal to the Hawaii Supreme Court, the appellants argued that Lovelace was entitled to information from U.S. Bank to cure the default. The Hawaii Supreme Court ruled in favor of Lovelace

and found that the nonjudicial foreclosure sale was unlawful due to "U.S. Bank's failure to provide reinstatement or cure information to Lovelace, as required by HRS § 667-5(c)(1)." Id. at 1280.

The Hawaii Supreme Court directly addressed what remedies were available given that the property had subsequently been sold to the Mounts following the nonjudicial foreclosure sale. The Hawaii Supreme Court explained that "the Mounts completed the sale, took possession of the Property, and have now had the Property for some time, similar to the facts in Santiago." Id. at 1281. The appeals court again held that "where it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and **voidable**." Id. (citing Santiago, 366 P.3d at 633) (emphasis added).

In the case before this Court, Plaintiff Tilley seeks title and possession of the Subject Property from the Intervening Defendant. Plaintiff claims that she is allowed to challenge the Transfer Certificate of Title on the basis that the foreclosure sale to Defendant BONY is void.

Plaintiff does not rely on the 2015 and 2016 Hawaii Supreme Court decisions. Instead, Plaintiff primarily relies on a decision from more than a century ago, by the Supreme Court for the Kingdom of Hawaii in Silva v. Lopez, 5 Haw. 262, 272 (Haw. Kingdom 1884).

28

**D.    Plaintiff's Reliance on <u>Silva v. Lopez</u>, 5 Haw. 262, 272 (Haw. Kingdom 1884) Is Misplaced**

In <u>Silva</u>, a group of mortgagors defaulted on payments for chattels, including cattle and horses, along with parcels of real estate.  <u>Id.</u> at 263.  The mortgage provided that "the mortgagee may give notice of his intention to foreclose by publication for three weeks before advertising the mortgaged property for sale." <u>Id.</u> at 264.  Twenty days after the first publication of the notice, the defendant conducted a foreclosure sale by auction. <u>Id.</u>

The Kingdom of Hawaii Supreme Court found that the defendant Lopez violated the power of sale because he was required to wait at least twenty-one days before conducting the sale.  <u>Id.</u> at 265. The appellate court also found the sale was unlawful because it was not conducted for the "best advantage" of the mortgagors. <u>Id.</u> at 267.  The chattel were sold in lots and were not identified and were not made available for inspection to the buyers.  <u>Id.</u>  The Kingdom of Hawaii Supreme Court found the sale was "void" based on the lower court reasoning that the sale must be "void for uncertainty" because it was unclear from the sale which livestock were actually purchased.  <u>Id.</u> at 271.

Plaintiff seeks to rely on <u>Silva</u> rather than the 2015 and 2016 Hawaii Supreme Court decisions.  <u>Silva</u> is notably distinguishable from the instant case.  There were no facts in

<u>Silva</u> as to whom the real property was sold or if the real property was possessed and occupied by new owners. <u>Silva</u> also did not involve the Land Court Torrens system or Transfer Certificates of Title.

In <u>Silva</u>, the holding by the Kingdom of Hawaii Supreme Court that the foreclosure sale was "void" was premised on the idea that the contents of the sale were uncertain and not yet possessed by new owners. <u>Id.</u> at 271. <u>Silva</u> is not applicable to this case. Here, there is no question as to the identity of the Subject Property, and the property has been sold to a subsequent purchaser.

The most recent decisions in <u>Kondaur</u>, <u>Santiago</u>, and <u>Mount v. Apao</u> apply. In the 2015 and 2016 decisions, the Hawaii Supreme Court has repeatedly stated that an improper nonjudicial foreclosure is "voidable" not "void."

In 2017, Judge Faris of the Bankruptcy Court for the Federal District Court for the District of Hawaii examined the Hawaii case law on the issue of whether an unlawful nonjudicial foreclosure is "voidable" or "void." <u>In re Ho</u>, 564 B.R. 49, 55 (Bankr. Haw. 2017). In a cogent and well-reasoned decision, Judge Faris ruled that the Hawaii Supreme Court's decisions in <u>Kondaur</u>, <u>Santiago</u>, and <u>Mount v. Apao</u> have impliedly overruled some earlier inconsistent decisions, including <u>Silva</u>. <u>Id.</u> The bankruptcy court held that "an improperly conducted foreclosure

30

sale under Hawaii law is voidable, not void." This Court agrees.

Plaintiff is unable to challenge the Intervening Defendant's title on the basis that the foreclosure sale conducted by the Defendant BONY is void.

## III. THE INTERVENING DEFENDANT'S TITLE AND POSSESSION OF THE SUBJECT PROPERTY ARE PROTECTED BECAUSE SHE IS A BONA FIDE PURCHASER

The Hawaii Supreme Court has defined a bona fide purchaser as one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims against the property by third parties. Kondaur Capital Corp., 361 P.3d at n.27 (citing Akagi v. Oshita, 33 Haw. 343, 347 (Haw. Terr. 1935); Achiles v. Cajigal, 39 Haw. 493, 499 (Haw. Terr. 1952)).

The Hawaii Supreme Court has explained that a plaintiff is not entitled to possession or return of title to a defectively foreclosed property if it was subsequently sold to a bona fide purchaser. Mount, 384 P.3d at 1281; Santiago, 366 P.3d at 633. Instead, an action at law for damages is generally the appropriate remedy. Santiago, 366 P.3d at 633.

Plaintiff makes conclusory allegations that the Intervening Defendant was not a bona fide purchaser as a matter of law.

A subsequent bona fide purchaser is not liable for any wrongdoing by the grantee if she lacked knowledge of the

31

wrongdoing.  <u>In re Bishop Trust Co.</u>, 35 Haw. 816, 825 (Haw. Terr. 1941).  The Supreme Court for the Territory of Hawaii has explained that a buyer is a "non-bona fide purchaser" when she:

(1)  does not pay adequate consideration;

(2)  buys registered land with full notice of the fact that the land is in litigation between the transferor and a third party; or,

(3)  takes with knowledge that his transferor acquired title by fraud.

<u>Akagi</u>, 33 Haw. at 347.

<u>First</u>, construing the Complaint in favor of the Plaintiff, there is no basis to find that the Intervening Defendant did not pay adequate consideration.  There are no allegations in the Complaint that the Intervening Defendant did not purchase the Subject Property for value.

<u>Second</u>, the Complaint does not provide any basis to find that there was notice to the Intervening Defendant of any lis pendens or other litigation involving the Subject Property prior to her purchase.  Plaintiff did not file this Complaint regarding the Subject Property until 2017, more than five years after the Intervening Defendant purchased the Subject Property.

<u>Finally</u>, the Complaint does not allege any facts to support Plaintiff's allegation that the Intervening Defendant had knowledge that BONY acquired the Subject Property by fraud.

Plaintiff claims that the Intervening Defendant had notice that BONY conducted a defective nonjudicial foreclosure based on

32

documents that were recorded in Land Court and the Hawaii Bureau of Conveyances.  Plaintiff argues these documents resulted in "constructive notice" to the Intervening Defendant that BONY engaged in fraud.

Plaintiff asserts that the Intervening Defendant was put on notice of defects in the nonjudicial foreclosure proceeding based on the publicly recorded Foreclosure Affidavit, Notice of Sale, and Mortgage.  Specifically, Plaintiff claims that the Intervening Defendant had constructive notice about defects in the postponement of the foreclosure sale and the defective description of the Subject Property in the Affidavit.

Plaintiff relies on the Hawaii Supreme Court's 1962 decision in <u>Decano v. Hutchinson Sugar Co.</u>, 371 P.2d 217, 224 (Haw. 1962) in support of her argument.  In <u>Decano</u>, the Hawaii Supreme Court stated that the heirs of a mortgagor had constructive notice of their rights under the terms of the mortgage based on the certificate of entry that was recorded.  <u>Id.</u>  Plaintiff claims that under <u>Decano</u>, recordation of a Foreclosure Affidavit, Notice of Sale, and a Mortgage is sufficient to provide constructive notice that a nonjudicial foreclosure was defective.

The Court disagrees.  There is nothing on the face of the Foreclosure Affidavit, Notice of Sale, and Mortgage that would have provided the Intervening Defendant with constructive notice of BONY's alleged wrongdoing.

33

Plaintiff's theory concerning constructive notice has been specifically rejected by another Judge in this District. In Lynch v. Bank of New York Mellon, Civ. No. 17-00195 LEK-RLP, 2017 WL 3568667, *4-*5 (D. Haw. Aug. 15, 2017), the Hawaii District Court Judge rejected Plaintiff's theory that recordation of a notice of sale and a foreclosure affidavit, without more, is sufficient to provide constructive notice of fraud to a third-party purchaser. Id. at *5. The order explained that the reliance on Decano "widely misses the mark." Id. at *4. The District Court stated that "Decano cannot be interpreted as suggesting that mere recordation of a notice of sale or a foreclosure affidavit is sufficient to provide notice to a third party, such as a bona fide purchaser, that a foreclosure was defective." (Id.)

Plaintiff's theory is based on an expectation that Intervening Defendant, as a purchaser from the foreclosing bank, would know from the recorded documents if the bank strictly complied with the power of sale provision in the Mortgage and Hawaii nonjudicial foreclosure law. A review of the documents cited by the Plaintiff demonstrates that there was nothing evident that would have given the Intervening Defendant or any other reasonably prudent buyer notice that the foreclosure sale conducted by Defendant BONY was unlawful.

Nor would the Intervening Defendant have constructive notice

34

of any purported fraud conducted by BONY based on the recorded documents.  A finding to the contrary would require all purchasers to have the knowledge and experience of a skilled lawyer.  Finding constructive notice under the circumstances alleged in the Complaint would go against the public policy that protects good faith bona fide purchasers.

In addition, there is nothing on the Transfer Certificate of Title that would have provided constructive notice of any defects in the foreclosure sale to the Intervening Defendant.

There are no allegations to support a finding that the Intervening Defendant is a non-bona fide purchaser.  Akagi, 33 Haw. at 347.  Plaintiff's theory based on "constructive notice" is not supported by the law or the record in this case.  Lynch, Civ. No. 17-00195 LEK-RLP, 2017 WL 3568667, at *4-*5.

The recorded documents are insufficient to support a finding that the Intervening Defendant had actual or constructive notice of any wrongdoing committed by BONY in the nonjudicial foreclosure.  There are no additional allegations that plausibly suggest that the Intervening Defendant is a non-bona fide purchaser.

Intervening Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED.**

## CONCLUSION

The Intervening Defendant's Motion for Judgment on the Pleadings (ECF No. 19) as to Plaintiff is **GRANTED.**

Plaintiff is not entitled to seek return of title to the Subject Property.

Plaintiff is not entitled to seek ejectment of the Intervening Defendant from the Subject Property.

The Court **DIRECTS** the Clerk of Court to **ENTER FINAL JUDGMENT** in favor of Intervening Defendant Shirley A. Estes, as Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980, as to all of Plaintiff's claims involving the Intervening Defendant.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court **FINDS** there is no just reason for delay of entry of Judgment as to Plaintiff's claims involving the Intervening Defendant.

Intervening Defendant's Cross-Claim remains.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaii, March 21, 2018.


_____
HELEN GILLMOR
UNITED STATES DISTRICT JUDGE

Kimberly Tilley v. The Bank of New York Mellon; Doe Defendants 1-50; v. Intervenor Defendant Shirley A. Estes, as Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980; Cross-Claimant Shirley A. Estes, as Trustee of the Survivor's Trust Created Under The Estes Living Trust dated December 5, 1980 v. Cross-Defendant The Bank of New York Mellon, 17-cv-00524 HG-RLP; **ORDER GRANTING INTERVENING DEFENDANT SHIRLEY A. ESTES, AS TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 19)**
36